## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KRAFT HEINZ FOOD CO.,**

    Plaintiff,

    v.

**JAMIE E. FRITZ, et al.,**

    Defendants.

CASE NO. 3:24 CV 1822

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is a Motion to Dismiss or Stay proceedings filed by Defendants Jamie E. Fritz and Larry Leo Fritz, III. (Doc. 10). Plaintiff opposed (Doc. 13), and Defendants replied (Doc. 15). Jurisdiction is proper under 28 U.S.C. § 1331. For the reasons discussed below, Defendants' Motion is granted and this case is stayed pending adjudication of the underlying dispositive issue in the Huron County Probate Court.

### BACKGROUND

Larry Leo Fritz, II (the "Decedent"), who died on June 18, 2024, initially designated his children, Jame E. Fritz and Larry Leo Fritz, III (the "Fritz Siblings"), as the beneficiaries of his benefits plan maintained under a Kraft Heinz savings account (the "Kraft Plan"). (Doc. 1, at 1–2). But just six weeks before his death and four days before he was involuntarily admitted to a psychiatric unit, the Decedent's online account was used to change the beneficiary of the Kraft Plan, naming his mother, Rita A. Fritz ("Rita"), the sole beneficiary. (Doc. 1-3, at 3). Rita apparently cared for the Decedent during the years preceding his death. *Id.* at 2. In July 2024, the

Fritz Siblings, claiming incapacity or undue influence, filed suit in the Huron County Probate Court against their grandmother, Rita, to invalidate the designation. *See id.*

Plaintiff Kraft Heinz Food Company ("Kraft") filed this interpleader Complaint against Rita and the Fritz Siblings to facilitate payment of benefits under the Kraft Plan. (Doc. 1). Kraft is the former employer of the Decedent and administrator of the Kraft Plan. *Id.* at 1. Importantly, the Kraft Plan is governed by the Employee Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq. See* Doc. 1-1. Kraft wishes to distribute Decedent's outstanding benefits in the Kraft Plan to whomever they rightfully belong. The impediment, identified by Kraft in its Complaint, is the underlying action in the Huron County Probate Court. (Doc. 1, at 2–3); *see also* Doc. 1-3 (Huron County Probate Complaint). Kraft claims it is unable to determine the proper beneficiary of the Kraft Plan due to the Fritz Siblings' claim in the Huron County lawsuit that Rita's designation is invalid as a result of incapacity or undue influence. (Doc. 1-3).

## DISCUSSION

Kraft claims it wants to distribute the Plan's remaining benefits, and that it filed this action in federal court because the Plan falls under ERISA and Kraft has no other way to protect itself. (Doc. 1, at 3–4). The Fritz Siblings move to dismiss or stay this case under *Colorado River*. (Doc. 10). It claims the Huron County probate case is a parallel proceeding that would resolve the underlying issue in this dispute. (Doc. 10-1). Kraft opposes the Motion, arguing this Court has exclusive jurisdiction over the claims at issue. (Doc. 13, at 1).

If this Court has exclusive jurisdiction over the underlying claims, Defendants' *Colorado River* arguments are moot. As such, an analysis of Kraft's jurisdiction arguments precedes a discussion of *Colorado River*.

2

ERISA

ERISA is unique in that Congress expressed its clear intent that the federal district courts exercise exclusive jurisdiction over most claims arising under funds or plans regulated by the ERISA statute. 29 U.S.C. § 1132(e)(1); *Franchise Tax Bd. v. Const. Labs. Vacation Tr.*, 463 U.S. 1, 19–20 (1983). ERISA provides for an exclusive federal cause of action. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987); 29 U.S.C. § 1132 (a)(1)(B). And claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are governed by federal law. *Tinsley v. Gen. Motors Corp.*, 227 F.3d 700, 704 (6th Cir. 2000); *see also Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 129 (6th Cir. 1996); *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir.1990) ("The designation of beneficiaries plainly relates to these ERISA plans, and we see no reason to apply state law on this issue."). But while "the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, [or] fiduciary," state courts "have concurrent jurisdiction of actions" brought by a beneficiary to recover benefits, enforce rights under the plan, or clarify rights to future benefits. 29 U.S.C. § 1132 (e)(1); *see also id.* at § 1132 (a)(1)(B).

The Huron County Probate action is one where the Fritz Siblings are acting as beneficiaries to recover benefits under the Kraft Plan. As such, state courts have concurrent jurisdiction over the issue and a *Colorado River* analysis is proper.

*Colorado River*

Federal courts possess a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). But, in exceptional circumstances, *Colorado River* directs courts to abstain from exercising

3

jurisdiction in favor of ongoing proceedings elsewhere to conserve judicial resources. *AEP Indus. v. UTECO N. Am., Inc.*, 2015 U.S. Dist. LEXIS 35732, at \*4 (W.D. Ky.). As explained by the Supreme Court, "the principles underlying this doctrine 'rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (quoting *Colo. River*, 424 U.S. at 817) (citation altered).

Courts conduct a two-step inquiry to ascertain whether abstention is appropriate. First, this Court must determine whether the two proceedings are parallel. *Romine*, 160 F.3d at 339. Second, if parallel, this Court considers factors outlined by the Supreme Court in *Colorado River* and subsequent cases. *Id.* If the cases are parallel and abstention is appropriate under the *Colorado River* factors, a district court should grant a motion to dismiss or stay the action. *See id.* at 340–41.

But this doctrine does not task a district court with finding "some substantial reason for the *exercise* of federal jurisdiction . . . rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 440 U.S. 1, 26 (1983). Abstention is only appropriate "where it would allow for a 'quick and prompt resolution between the parties,' such that the federal court 'will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.'" *Walker v. Cedar Fair, L.P.*, 520 F. Supp. 3d 925, 929–30 (N.D. Ohio 2021) (quoting *Necak v. Select Portfolios Serv.*, 2017 WL 6270238, at \*1 (N.D. Ohio)).

*Parallel Proceedings*

In deciding whether cases are parallel for abstention purposes, "the critical question is whether there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Necak*, 2017 WL 6270238, at *1. To be considered "parallel," two actions need not be identical, only "substantially similar." *Romine*, 160 F.3d at 340 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). Actions may be parallel even if they involve differing parties, claims, or theories of recovery. *See Healthcare Co. v. Upward Mobility, Inc.*, 784 F. App'x 390, 394–95 (6th Cir. 2019).

Kraft concedes this interpleader action is ultimately about the beneficiary designation dispute identified in the Huron County Probate action. (Doc. 1, at 2–3). Litigating the issue of whether the Decedent was competent or unduly influenced will dispose of all underlying substantive issues in the case at hand, as Kraft's only fear is disbursing funds to the improper party. *Id.* at 3–4. While Kraft is not a party to the Huron County Probate action, it does not need to be; the Huron County Probate action involves all parties relevant to the underlying dispute so as to resolve the claims. *See* Doc. 1-3.

As such, the Court finds the proceedings sufficiently parallel, and further discusses the *Colorado River* factors below.

*Colorado River Factors*

Since the Court found the actions to be parallel, it weighs the *Colorado River* to determine whether a stay would be appropriate. As discussed below, the Court finds a stay would be appropriate in this case.

As enumerated by the Supreme Court in *Colorado River* and subsequent cases, this Court considers: "(1) whether federal or state law provides the basis for decision of the case; (2) whether

5

either court has assumed jurisdiction over any *res* or property; (3) whether the federal forum is less convenient to the parties; (4) avoidance of piecemeal litigation; and (5) the order in which jurisdiction was obtained." *Boyd v. Martinez*, 2023 WL 4903173, *4 (6th Cir.) (quoting *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 571 (6th Cir. 1994)). This analysis is not a mechanical checklist, but rests "on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *S2 Yachts v. ERH Marine Corp.*, 855 F. App'x 273, 279 (6th Cir. 2021) (quoting *Moses*, 460 U.S. at 16).

As to the first factor, claims touching on the designation of a beneficiary of an ERISA-governed plan fall under ERISA's broad preemptive reach and are governed by federal law. *Tinsley*, 227 F.3d at 704; *see also McMillan*, 913 F.2d at 311 ("The designation of beneficiaries plainly relates to these ERISA plans, and we see no reason to apply state law on this issue."). But ERISA does not contain "any provisions regulating the problem of beneficiary designations that are forged, the result of undue influence, or otherwise improperly procured[.]" *Tinsley*, 227 F.3d at 704. Thus, courts look to principles of state law for guidance on the issue at hand. *Id.*

As to the second factor, neither party indicates any court has taken jurisdiction over the property at issue.

The third and fourth factors are intertwined here, and require a closer look at the Huron County Probate action. The Fritz Siblings brought the Huron County probate action against their grandmother to contest *two* beneficiary designations. *See* Doc. 1-3. While the Kraft plan is governed by ERISA, the second disputed account is not. And both changes in beneficiary designation (from the Fritz Siblings to Rita) occurred within days of each other. *Id.* at 2–3. It is clear that the adjudication of the Kraft plan in federal court would lead to piecemeal concurrent litigation over, substantively, the same dispute in both state and federal courts. This piecemeal

6

litigation would also appear to result in inconvenience to the interested parties, as ongoing federal and state court proceedings cannot be said to be more convenient than just state court proceedings.

As to the fifth factor, the Huron County Probate Court obtained jurisdiction over the parallel case approximately three months before Kraft's Complaint was filed in this Court. *See* Docs. 1, 1-3.

Weighing the above, this Court finds the *Colorado River* factors favor abstention in this case. A stay pending litigation over the underlying substantive issue, namely undue influence and competency of the beneficiary designation, would be in the best interests of judicial resources and the convenience of all involved.

### CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendants' Motion to Stay (Doc. 10) be, and the same hereby is, GRANTED. This case is STAYED pending adjudication of the underlying issue in the Huron County Probate Court; and it is

FURTHER ORDERED that the parties shall file a Joint Status Report within 30 days of the conclusion of the Huron County probate proceedings.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: July 23, 2025

7